IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-31158
Summary Calendar
_____

PAUL MOSLEY,

Plaintiff-Appellant,

versus

HALTER MARINE GROUP, INC.;
TECHNICAL EMPLOYMENT SERVICES, INC.,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-3468
- - - - - - - - - -
July 19, 1999

Before HIGGINBOTHAM, JONES, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Appellant, Paul Mosley, sued Halter Marine Group, Inc. (Halter) and Technical Employment Services, Inc. (TechServ), for personal injuries incurred while he was working as a ship fitter at a Halter yard. The district court granted Halter's motion for summary judgment on the basis that Mosley was Halter's borrowed employee and, therefore, was limited to benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 905 et seq. It is from that judgment that Mosley appeals.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews a decision to grant a motion for summary judgment *de novo*, applying the same standards as the district court. See Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992). The nine factors which inform our determination of borrowed employee status are set forth in Gaudet v. Exxon Corp., 562 F.2d 351, 355 (5th Cir. 1977), and although we address each in turn, we do not list them separately.

Mosley worked at the direction and under the control of Halter leadermen, who told Mosley "what work to do, and when and where to do it" on a daily basis; Mosley put forward no evidence to the contrary. See Melancon v. Amoco Prod. Co., 834 F.2d 1238, 1245 (5th Cir. 1993). The ship fitting work was clearly Halter's work, and not that of TechServ, whose business "existed solely to furnish employees to other companies so that the employee could perform the work of the borrowing employer." See Capps v. N.L. Baroid-NL Indus., Inc., 784 F.2d 615, 617 (5th Cir. 1986).

Although Mosley provided some of his own personal equipment, Halter provided him with a cutting torch and made available other welding equipment, and Mosley performed his work exclusively at Halter facilities. See Melancon, 834 F.2d at 1246. Halter was obligated to pay Mosley as it provided funds to TechServ for Mosley's wages, and Mosley was paid based on the number of hours he worked at Halter. See id. Mosley acquiesced in the new employment as he knew TechServ would send him out to work for other employers, and TechServ terminated, at least temporarily, its relationship with Mosley during his employment at Halter.

See Capps, 784 F.2d at 617. These factors all point to borrowed employee status.

Mosley's length of employment at Halter was not significant and is, therefore, neutral. See id. As for whether any agreement existed between Halter and TechServ regarding Mosley's status, Mosley points to a provision in the Halter/TechServ Contract Labor Agreement which purports to deem all TechServ employees as independent contractors. Mosley contends that this provision creates an issue of fact as to the parties' intent. However, parties may not contractually defeat borrowed servant status when, as here, the reality is otherwise. See Melancon, 834 F.2d at 1245.

The only issue of fact is whether Halter had the right to terminate Mosley; the affidavit of TechServ's general manager directly contradicts express language in the contract. However, that alone is insufficient to preclude summary judgment in light of the other factors which demonstrate that Mosley was Halter's borrowed servant. See Gaudet, 562 F.2d at 358.

Mosley's contention that Halter is not liable for LHWCA benefits and is, therefore, not entitled to immunity, is without merit in light of our holding in Total Marine Services v. Director, OWCP, 87 F.3d 774, 779 (5th Cir. 1996). Further, the contract does not relieve Halter of the obligation to reimburse TechServ for benefits, but places on TechServ the obligation of obtaining insurance in the first instance.

For the foregoing reasons, the district court's judgment is AFFIRMED.